UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MANUEL PEREZ, CC# 17005169,

                Plaintiff,

                -against-

CORRECTONAL OFFICER MCANN and Other
Unidentified Officers at the Nassau County Correctional
Center: JHON DOES # 1-4,

                Defendants.
----------------------------------------------------------------X

ORDER
17-CV-6051 (JFB)(ARL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 18 2017 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On October 16, 2017, incarcerated *pro se* plaintiff Manuel Perez ("plaintiff") filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed *in forma pauperis*. Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed *in forma pauperis* is GRANTED.

IT IS HEREBY ORDERED that plaintiff is granted leave to file the complaint without prepayment of the filing fee or security therefor; and

IT IS FURTHER ORDERED that the Clerk of Court must forward to the United States Marshal Service for the Eastern District of New York ("USMS") copies of plaintiff's summonses, complaint, and this Order for service upon the defendants without prepayment of fees; however, the USMS will not be able to serve the unnamed defendant without more information. The Second Circuit has held that district courts must provide incarcerated *pro se* litigants with reasonable assistance in investigating the identity of such John Doe officers. *See Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (*per curiam*). Accordingly, the Court hereby: (1) orders that the Clerk of Court serve a copy of the complaint together with this Order on the Nassau County Attorney; and (2) requests that the Nassau County Attorney attempt to ascertain the full

names of the unidentified individual alleged to have interacted with the plaintiff as described in the complaint. The Nassau County Attorney need not undertake to defend or indemnify these individuals at this juncture; this Order merely provides a means by which plaintiff may properly serve these defendants as the Second Circuit instructed in *Valentin*.

The Nassau County Attorney is requested to provide the name and addresses where these defendants can be served to the Court and to the plaintiff within thirty (30) days of the service date of this Order. Once the information is provided to the Court by the Nassau County Attorney, plaintiff's complaint shall be deemed amended to reflect the full name of the unnamed defendants, summonses shall be issued as to such defendants, and the USMS shall serve them.

For the foregoing reasons, IT IS HEREBY ORDERED that:

The Clerk of Court forward copies of the complaint and this Order to the Nassau County Attorney;

Within thirty (30) days of the date that this Order is served upon it, the Nassau County Attorney shall attempt to ascertain the identity of the unnamed officers and provide that information, together with the address(es) at which such individuals can be served, to the Court and to plaintiff;

Once the information regarding the identity and address(es) of the unnamed defendants is provided to the Court, plaintiff's complaint shall be deemed amended to reflect the full names of the unidentified defendants, summonses shall be issued, and the USMS shall serve the summonses and complaint, together with a copy of this Order, upon such defendants without prepayment of the filing fee; and

IT IS FURTHER ORDERED that the Clerk of Court must mail a copy of this Order to the plaintiff.

**SO ORDERED.**

Dated: October 18, 2017
Central Islip, New York

s/Joseph F. Bianco
Joseph F. Bianco
United States District Judge