UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MANUEL PEREZ,

                        Plaintiff,

      -against-

CORRECTIONAL OFFICER MCANN, *et al.*,

                        Defendants.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
17-CV-6051 (JFB) (ARL)

**LINDSAY, Magistrate Judge:**

*Pro* se plaintiff Manuel Perez ("Plaintiff") commenced this civil rights action on October 16, 2017. By Order dated January 29, 2018, the undersigned issued a Scheduling Order under which plaintiff was directed to participate in discovery, which was scheduled to be completed by August 13, 2018. ECF No. 12. The Order was mailed to the Plaintiff via certified mail at the address listed on the docket sheet but was returned to the Court as undeliverable. ECF No. 15. The docket sheet indicates a copy of this order was provided directly to Plaintiff. On February 7, 2018, Plaintiff notified the Court that he had been released from jail and provided his new address. ECF No. 15.

By Order dated May 23, 2018, Judge Bianco denied Plaintiff's motion to appoint counsel and directed Plaintiff to "participate in discovery before Magistrate Judge Lindsay." ECF 22.

Defendants file a motion to compel discovery on August 17, 2018 indicating they had attempted to serve discovery requests on Plaintiff at the listed address on May 31, 2018 and had attempted to reach Plaintiff by mail again on July 18, 2018. ECF 23. Both communications were sent via certified mail and were never claimed by Plaintiff. *Id.* Plaintiff never responded to Defendants' motion to compel.

By Order to Show Cause dated September 6, 2018, Plaintiff was directed to respond to Defendants' outstanding discovery no later than September 24, 2018. ECF No. 24. Plaintiff was explicitly warned that a failure to comply with that Order would result in a Report and Recommendation to the District Judge that this action be dismissed with prejudice for failure to prosecute. *Id.* The September 6th Order was mailed to Plaintiff at the same address as before, and was not returned to the Court. Plaintiff has not responded to that order.

A revised scheduling order was entered by the Court on November 16, 2018 providing that all discovery was to be concluded by December 27, 2018. Plaintiff was to file a revised narrative statement no later than January 9, 2019 and any party planning on making a dispositive motion must take the first step in the motion process by January 23, 2019. Neither party has filed a dispositive motion.

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute or to follow a court order. Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In determining whether to dismiss, courts examine the following factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008).

Here, Plaintiff was cautioned that if he failed to respond to the Court's Order, he would run the risk of the undersigned recommending that his case be dismissed. Nonetheless, Plaintiff failed to respond. Under these circumstances, the matter cannot proceed. Moreover, Defendants would be substantially prejudiced should this case remain open, to say nothing of the need to

alleviate court congestion where the plaintiff has been nonresponsive. I therefore respectfully report and recommend that this case be dismissed with prejudice for failure to prosecute.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*. *Pro se* Plaintiff Manuel Perez must file his objections in writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Bianco prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996). Counsel for Defendants is directed to serve a copy of this Order upon *pro se* Plaintiff forthwith and file proof of service on ECF.

Dated:  Central Islip, New York  
       April 4, 2019

**SO ORDERED:**

_____/s_____  
ARLENE R. LINDSAY