UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MANUEL PEREZ,                                :

                          Plaintiff,         :

          -against-                          :       ORDER
                                             :       17-CV-6051 (JFB)(ARL)
CORRECTIONAL OFFICER MCCANN,                 :
*et al.*,                                    :
                                             :
                          Defendants.        :
                                             :
------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 07 2019   ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff commenced this action on October 16, 2017. (Dkt No. 1.) Defendants

filed a motion to compel discovery on August 17, 2018. (Dkt No. 23.) Plaintiff never responded

to this motion. On September 6, 2018, Judge Lindsay issued an Order to Show Cause directing

plaintiff to respond to defendants' outstanding discovery no later than September 24, 2018. (Dkt

No. 24.) Plaintiff was warned that a failure to comply with the Order would result in Judge Lindsay

issuing a Report and Recommendation ("R&R") recommending dismissal with prejudice for

failure to prosecute. Plaintiff never responded to that Order. On April 4, 2019, Judge Lindsay

issued a Report and Recommendation ("R&R") recommending that this Court dismiss this case

with prejudice for failure to prosecute. (Dkt No. 26.)

Accordingly, for the reasons set forth below and for those in Judge Lindsay's R&R, the

Court adopts the R&R in its entirety and dismisses the case with prejudice pursuant to Federal

Rule of Civil Procedure 41(b) for failure to prosecute.

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a

court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d

83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)) (additional

citation omitted); *see also* Fed. R. Civ. P. 41(b). Courts have repeatedly found that "dismissal of

an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to

comply with legitimate court directives." *Kuar v. Mawn*, No. 08-CV-4401, 2012 WL 3808620,

*3 (E.D.N.Y Sept. 4, 2012) (internal quotations and alteration omitted). A district court

contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a

court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had
> notice that such conduct would result in dismissal; 3) whether prejudice to the
> defendant is likely to result; 4) whether the court balanced its interest in managing
> its docket against plaintiff's interest in receiving an opportunity to be heard; and
> 5) whether the court adequately considered the efficacy of a sanction less
> draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g.,*

*Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994); *see also Peart v. City of New*

*York*, 992 F.2d 458, 461 (2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter

committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is

conditioned by certain minimal requirements.'" (quoting *Merker v. Rice*, 649 F.2d 171, 173–74

(2d Cir. 1981))). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is

dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

In considering these factors, courts have routinely found that "it is the plaintiff's

responsibility to keep the Court informed of his current address, and failure to do so may justify

dismissal for failure to prosecute." *Sims v. Fernandez*, No. 03 Civ. 2997 (KMW) (DF), 2004

U.S. Dist. LEXIS 6108, at *4 (S.D.N.Y. Mar. 16, 2004) (collecting cases); *see, e.g., Parris v.*

*Local 32B-32J*, No. 96 Civ. 3604, 1998 U.S. Dist. LEXIS 8672, at *2 n.1 (S.D.N.Y. June 12,

1998) ("In addition, the plaintiff's failure to notify either the Court or the Postal Service of her

change in address indicates that the complaint should be dismissed independently for failure to prosecute."). However, the failure to provide a current address must not be considered in isolation, but rather in the context of the other above-referenced factors articulated by the Second Circuit.

Here, plaintiff was warned that his case would be dismissed with prejudice unless he complied with Judge Lindsay's Order to Show Cause. Notwithstanding this caution, plaintiff has not responded to Judge Lindsay's Order, and has not otherwise communicated with the Court for over six months. Moreover, to the extent plaintiff's address may have changed, plaintiff has failed to update his address. Thus, plaintiff has shown no interest in continuing with this action. Under these circumstances, no sanction less than dismissal of the instant action will alleviate the prejudice to defendant of continuing to keep this action open. Moreover, the Court needs to ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case with prejudice.

Accordingly, in consideration of the above factors, the Court adopts the R&R in its entirety and the case is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court shall close this case and mail a copy of this Order to plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

S/ JOSEPH F BIANCO

Joseph F. Bianco
United States District Judge

Dated: May 7, 2019
        Central Islip, New York